IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENEVIEVE RODRIGUEZ,

          Plaintiff,

vs.                              Case No. 05-1067-JTM

JO ANNE BARNHART,
Commissioner of Social Security,

          Defendant.

MEMORANDUM AND ORDER

      Plaintiff Genevieve Rodriguez has applied for disability insurance and supplemental security income benefits. Her application was initially denied, and following a request for hearing, denied by the Administrative Law Judge (ALJ) on September 22, 2004, a decision affirmed by the Appeals Council on January 7, 2004. There are three allegations of error by Rodriguez. First, that the ALJ failed to give correct weight to Rodriguez's treating physician. Second, that the ALJ erred in failing to fully develop the record regarding her prior surgeries. Third, that the decision of the ALJ is not supported by substantial evidence.

      Plaintiff-claimant has stated that she became disabled beginning on June 23, 1999 due to conditions including bilateral carpal tunnel syndrome, shoulder pain, whiplash and muscle spasms, and headaches. Rodriguez was born was born August 10, 1956. She has a tenth grade education and has worked as a housekeeper and mail room clerk.

The ALJ determined that the evidence did not show Rodriguez was significantly limited in her ability to work, and specifically found Rodriguez not credible in providing evidence of more than minimal impairment. (Tr. 21). He noted inconsistencies in her statements, the report of symptom magnification by Dr. Bigler, and the disparity between her normal muscle condition and Rodriguez's claims of virtual incapacitation. He concluded that Rodriguez had not shown she suffered from an impairment or combination of impairments which would have more than a minimal impact on her ability to work, and was not limited in her ability to perform basic work activities. The detailed facts are set forth independently in the ALJ's opinion (Tr. 14-18), and the brief of Rodriguez (Dkt. No. 8, at 2-6), and discussed seriatim in the analysis section of the Commissioner's response (Dkt. No. 9, at 5-15), and incorporated herein.

The court finds that the ALJ erred in his evaluation of Rodriguez's treating physician, Dr. Pace. Treating physician opinions are to be given controlling weight if supported by clinical or diagnostic evidence and consistent with other evidence in the record; and even if they lack such support or are inconsistent with other evidence, they must still receive considered attention. *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003). In the present case, Dr. Pace saw Rodriguez only briefly, and treated her conservatively. At some point, however, he inserted into his medical notes an additional handwritten note.

The defendant concedes that the oversight is "unfortunate," but that it is "quite likely" the ALJ would not have changed his ultimate opinion in light of this single note. The defendant suggests that the limited contact Rodriguez had with Dr. Pace, and the failure to renew the restrictions indicate that the restrictions were intended as temporary only. This, however, is mere speculation, and the court finds that the case should be remanded for a fuller assessment of Dr. Pace's restrictions.

The court notes that no error has been shown in the alleged failure to more fully develop the administrative record. Specifically, plaintiff complains that the ALJ erred in not further developing the records relating to Rodriguez's carpal tunnel and shoulder surgeries in the mid-1990s. The medical records for these were included in the medical record during the course of plaintiff's request for review to the Appeals Council. While they may add some details to the specific operations, they add virtually nothing to the medical history presented to the ALJ, and do not show any additional evidence of continuing limitations or restrictions.

There is no basis in the present record for a reversal and award of benefits, particularly in light of the striking evidence of symptom magnification and other evidence, noted in the opinion of the ALJ, which could cause a reasonable person to doubt the claimant's credibility. The decision of the Commissioner must be reversed in light of the error in failing to give the required consideration to the opinion of plaintiff's treating physician, and the court orders the action remanded pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS ACCORDINGLY ORDERED, this 27th day of March, 2006, that the judgment of the Commissioner is reversed, and the matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings not inconsistent with this opinion.

                                           s/ J. Thomas Marten
                                           J. THOMAS MARTEN, JUDGE